[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10862
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 1:09-cv-00228-ODE, 1:03-cr-00493-ODE-AJB-16

SABAS JAIMES ENRIQUES,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 2, 2011)

Before WILSON, KRAVITCH and BLACK, Circuit Judges.

PER CURIAM:

     Sabas Enriques, a federal prisoner proceeding *pro se*, appeals the district

court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set-aside or correct his

sentence. On July 18, 2007, Enriques's underlying convictions for drug trafficking and money laundering became final.[1] But Enriques did not submit his § 2255 motion to the district court until January 20, 2009.[2] Enriques argued that the motion was timely because although it was filed outside the one-year time limit, this period was tolled by governmental impediments that were beyond his control. The district court concluded that his motion was time-barred, but issued a Certificate of Appealibility (COA) on the following two questions:

(1)    Did the statute of limitations for Movant's motion to vacate begin to run under 28 U.S.C. § 2255 (f)(2) at some time after July 18, 2007, when Movant's conviction became final on direct appeal, thus making the motion untimely?

(2)    Does the doctrine of equitable tolling apply here, and, if so, is Movant's motion to vacate timely as a result?

In his initial brief, Enriques argues the merits of his claims, specifically that (1) the district court erred when it enhanced his sentence for the presence of a

---

[1] This court affirmed Enriques's convictions on April 19, 2007. *United States v. Garcia-Jaimes*, 484 F.3d 1311, 1321 (11th Cir. 2007). His convictions became final once the 90-day period to file a petition for a writ of *certiorari* on direct appeal closed.

[2] Title 28 U.S.C. § 2255(f) establishes a one-year limitations period for § 2255 motions. This limitation period runs from the latest of, *inter alia*,

(1)    the date on which the judgment of conviction becomes final; [or]

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.

firearm during the commission of the offense, and (2) his counsel was ineffective for failing to challenge his classification and present mitigation evidence. Enriques does not raise any argument regarding the timeliness of his § 2255 in his initial brief, although he briefly addresses it in his reply brief.

In an appeal of an unsuccessful § 2255 motion, the scope of our review is limited to the issues specified by the COA. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). Although *pro se* pleadings are construed more liberally than those filed by counsel, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), issues not argued by a *pro se* litigant in his initial brief are deemed waived. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Additionally, we do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Id.*

Here, the substantive arguments Enriques makes regarding errors at sentencing and his direct appeal are beyond the scope of the COA and, thus, not properly before us. Furthermore, Enriques does not make any argument relating to the COA in his initial brief; the issue of timeliness is first raised in his reply brief. As a result, Enriques has waived the dispositive issues in this appeal. Accordingly, we affirm the district court's dismissal of Enriques's § 2255 motion as untimely.

**AFFIRMED**.